UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERNARDO EDWARDS BEY,   Case No. 20-10602

    Plaintiff,   Stephanie Dawkins Davis
v.   United States District Judge

JOSEPH F. BOEDECKER,
KATHRYN A. VIVIANO,
MOLLY ZAPPITELL,
BRIAN SCHAF, AND
ERIC J. SMITH,

    Defendants.
_____/

**SUMMARY DISMISSAL ORDER PURSUANT TO 28 U.S.C. § 1915(e)(2)**

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff, Jernardo Edwards Bey, originally filed this *pro se* complaint against defendants Judge Joseph F. Boedecker, Judge Kathryn A. Viviano, Assistant Prosecutor Molly Zappitell, and Advisory Lawyer Brian Schaf on March 6, 2020. (ECF No. 1). Edwards Bey alleges that by charging and carrying out criminal proceedings against him, the defendants violated "all" of his Constitutional rights, namely, the First, Fifth and Eighth Amendments to the United States Constitution. (ECF No. 1). Edwards Bey filed this case with the Court while the contested state criminal charge, a count of criminal sexual conduct in the third degree, is still pending in state court. (*See* ECF No. 6, PageID.89). On

March 10, 2020, Edwards Bey amended his complaint to add Prosecuting Attorney Eric J. Smith as a defendant and change his original request for 100 million dollars in damages to 500 million dollars. (ECF No. 4). As additional relief, Edwards Bey asks the Court to fire all of the defendants, or in the alternative, lay them off for a minimum of one year without pay. (ECF No. 4, PageID.53).

Edwards Bey's instant complaint does not articulate how the defendants' conduct violated his constitutional rights. (ECF No. 4). However, the basis for his constitutional claims can be gleaned from the "Complaint and Status" that he filed in state court, and which is attached as an exhibit to his amended complaint in this matter. (ECF No. 4, PageID.68). In the "Complaint and Status," Edwards Bey asserted that he is a "Native American Moor," and that under his Native American treaty rights, he is immune from the criminal proceedings brought by the defendants; he sought monetary damages under 42 U.S.C. § 1983. (ECF No. 4, PageID.68-70). Thereafter, Edwards Bey filed a Writ of Habeas Corpus and a Motion for Extraordinary Hearing in state court to dismiss the pending criminal charge. (ECF No. 4, PageID.59-63; ECF No. 6, PageID.87). On March 16, 2020, Judge Viviano denied Edwards Bey's Motion for Extraordinary Hearing. (ECF No. 6, PageID.87-88, 89).

Following the denial, Edwards Bey filed a motion for mandamus in this case, asking this Court to (1) order Viviano to show cause for denying his motion;

and (2) order Viviano to make a decision on his Writ of Habeas Corpus. (ECF No. 6, PageID.88).

For the reasons set forth below, Edwards Bey's amended complaint is **DISMISSED**.

## II.  ANALYSIS

### A.  *In Forma Pauperis* and Legal Standard

This matter is before the Court on Edwards Bey's application to proceed *in forma pauperis*. (ECF No. 2). The Court has reviewed and will grant Edwards Bey's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

Where, as here, a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that ... the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B). The court's ability to *sua sponte* review and dismiss claims filed *in forma pauperis* applies to both prisoner and non-prisoner litigants. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2).").

The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and as a consequence, should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Here, Edwards Bey's complaint is properly construed as brought under 42 U.S.C. § 1983.

**B.     Brian Schaf**

First, "Advisory Lawyer" Brian Schaf is not subject to § 1983 liability because he was not acting as a state actor during the events recited in the amended complaint.

"A § 1983 claim must satisfy two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Ellison v. Garbarino,* 48 F.3d 192, 194 (6th Cir. 1995) (internal quotation marks and citation omitted). A plaintiff may not proceed under § 1983 against a private party "no matter how discriminatory or wrongful" the party's conduct. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted).

Edwards Bey does not plead any facts that suggest that Schaf is a state actor or that he engaged in actions traditionally reserved to the state. Instead, he merely describes Schaf as an "Advisory Attorney" and says that Schaf helped everyone in the state proceedings "convict [him] of a crime that they were not entitled to." (ECF No. 4, PageID.58). The exhibits attached to Edwards Bey's motion for

4

mandamus show that Schaf was appointed by the state court to help advise Edwards Bey with his criminal proceedings. (ECF No. 6, PageID.98). Thus, it appears that Schaf was performing in the capacity of a court-appointed attorney. To that point, "[i]t is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983." *White v. Robertson-Deming*, 9 Fed. Appx. 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 464 U.S. 312, 321 (1981)). Accordingly, Edwards Bey cannot sustain a § 1983 claim against Schaf.

### C. Immunity

Edwards Bey seeks 500 million dollars for the alleged constitutional violations. (ECF No. 4). However, the defendants, Judge Boedecker, Judge Viviano, Prosecuter Eric J. Smith, and Assistant Prosecutor Molly Zappitell, are immune from suit for money damages.

#### 1. Judicial Immunity

Judge Boedecker and Judge Viviano are absolutely immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) ("[G]enerally, a judge is immune from a suit for money damages."). *See also Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) ("It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages."); *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("State

judges enjoy absolute immunity from liability under 42 U.S.C. § 1983."). There are only two exceptions in which judicial immunity does not apply: a judge does not have immunity for actions taken outside the scope of judicial capacity or for actions taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Edwards Bey's complaint does not suggest any actions taken by Judge Boedecker or Judge Viviano that involve anything other than the performance of their judicial functions. Accordingly, Boedecker and Viviano, as state court judges, are entitled to absolute immunity against all claims for money damages in Edwards Bey's complaint.

### 2. Prosecutorial Immunity

Edwards Bey's complaint also names Prosecutor Eric J. Smith and Assistant Prosecutor Molly Zappitell as defendants. However, prosecutors are also immune from suit under 42 U.S.C § 1983 for money damages. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Like judicial immunity, a prosecutor is entitled to absolute immunity when she acts "within the scope of [her] duties in initiating and pursuing a criminal prosecution." *Adams v. Hanson*, 656 F.3d 397, 401 (6th Cir. 2011) (quoting *Imbler*, 424 U.S. at 410). Edwards Bey does not allege any conduct that suggests that Smith or Zappitell acted outside the scope of their prosecutorial functions. Accordingly, Smith and Zappitell are also immune from suit for money damages under §1983.

### D.     *Younger* Abstention Doctrine

In addition to monetary relief, Edwards Bey asks the Court to fire all of the defendants, or in the alternative, lay them off for a minimum of one year without pay.  (ECF No. 4, PageID.53).  However, to the extent that Edwards Bey seeks non-monetary relief, or any injunctive, equitable, or declaratory relief, the Court is barred from adjudicating such claims under the *Younger* abstention doctrine.

Under *Younger*, federal courts decline to interfere with pending state proceedings unless extraordinary circumstances are present.  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  And application of the doctrine may be raised by the Court *sua sponte*.  *See O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).  "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity."  *Tobias v. State of Michigan*, 2018 WL 3434344, at *4 (E.D. Mich. July 17, 2018) (quoting *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44)).

"A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims."  *Nimer v. Litchfeld Twp. Bd. Of Tr.*, 707 F.3d 699, 701 (6th Cir. 2013) (citations omitted).  "[A]bsent 'bad faith,

7

harassment or any other unusual circumstance,' federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Younger*, 401 U.S. at 53-54).

Edwards Bey has not alleged any bad faith or harassment on the part of the defendants. As a result, the *Younger* doctrine will be applied consistent with the three established factors listed above.

First, the amended complaint clearly establishes that there is an ongoing criminal proceeding against Edwards Bey. (ECF No. 4). He is currently awaiting a trial for the underlying the criminal charge, which is scheduled for June 23, 2020. (ECF No. 6, PageID.90).

Second, since the pending state matters concern criminal prosecution, it is "unquestionable" that the state proceedings implicate important state interests. *See Howard v. Saginaw Cty.*, 2018 WL 6305332, at *4 (E.D. Mich. Dec. 3, 2018).

Third, it is presumed that state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987)). Although the state court denied Edwards Bey's Motion for an Extraordinary Hearing, he may still obtain review of his constitutional claims during trial, or after a final judgment, in the state appellate courts. *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (concluding that

abstention was appropriate where federal plaintiff had opportunity to raise and correct her constitutional claims during the course of the state court proceedings).

As a result, the Court will abstain from interfering with Edward Bey's pending state proceedings.

### III.  CONCLUSION

For the reasons set forth above, Edward Bey's amended complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS SO ORDERED**.

Date: June 22, 2020                                    s/Stephanie Dawkins Davis
                                                                   Stephanie Dawkins Davis
                                                                   United States District Judge